UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT

VICTORIA CARBAJAL,

DEAN CARBAJAL,
        Plaintiffs-Appellants
v.

MYKL SERRA, et al.,
        Defendants-Appellees

---

Motion For Extension Of Page Limitation And
Extension Of Time To Shorten The Opening Brief

---

    The Plaintiffs Dean Carbajal and Victoria Carbajal, pro se, jointly move the Court for an extension of time and an extension on the page limitation to adequately brief the relevant issues, and hereby submit this memorandum in support of this action.

Introduction

    The Appellants have drafted their Opening Brief, and have redrafted it 3 times in an attempt to condense this document into a 30 page document. However, the numerous claims and issues before the Court, including the nearly 10 years of procedural history, have made it impossible to condense this document into less than 50 pages. As such, the Appellants respectfully move the Court for an extension on the page limitation of 20 pages.

    The extensive history in this case and numerous reversible errors presents the unique circumstance for an extension on the page limit, and in absence of this extension the Appellants will not be able to

fairly present their claims.

## ARGUMENT

A. Good Cause Exists To Grant The Appellants An Extension On The Page Limit Under The Rubric Of Fed.R.App.P. 32.

Except by permission of the Court, principal briefs shall not exceed thirty pages; as such, the Appellants have sought an extension on the page limit for good cause. Therefore, the Court should grant the Appellants an extension of 20 pages on the page limit to adequately present their the issues on appeal. In absence of an extension, the Appellants will not be able to properly brief their assignments of error; thereby, implicating their Due Process rights and violating the Fourteenth Amendment.

In this particular case, the Appellants have assigned err to 4 major parts of this case that alone provide for multiple subsets of errs that spanned over nearly ten years of litigation. This extensive history and nearly 1000 relevant docket numbers has made impossible for any reasonable barrister to adequately brief even 1/3 of the proposed issues in the allocated 30 pages.

In fact to ensure that the most essential claims are not abandoned, the Appellants have parsed out the issues into 4 main claims, specifically:

1. The Improper dismissal of Claims at the pleading stage;
2. The Improper grant of Summary Judgment;
3. The Improper denial of Plaintiffs Rule 59 and 60 motions;
4. The Denial of a Fair trial and unconstitutional verdict.

Each of these claims involve numerous subsets of issues, including qualified and absolute immunity, municipal liability, plead deferences and

standards under the First, Fourth, and Fourteenth Amendment based on various theories of liability. This, also, does not include the thousands of documents in evidence adduced by the Plaintiff in controverting Defendants motion for summary judgments which is further complicated by the numerous discovery issues, and Rule 59 and 60 motions, that inject fraud into this case based on the Defendants intentional concealment of evidence and false representations during discovery and summary judgment proceedings. Thus, additional briefing is needed.

Furthermore, trial has its own set of errors that beg reversal, and each require adequate review of legal standards for issues relating to: counsels misconduct, improper admission of state of mind evidence, improper impeachment of Mr Corboral, improper denial of impeachment evidence, and an unfair verdict that is against the great weight of evidence supporting Defendants guilt. Consequently, thirty (30) pages is grossly inadequate to properly vet and brief the relevant issues.

Accordingly, the Appellants respectfully move the Court for leave to submit a 50 page Opening Brief based on the numerous issues and extensive history in this case over a nearly 10 year period.

B.  Good Cause exists to grant the Appellants 45 days to condense their 75 page brief to 50 pages.

The Appellants present brief is 75 pages, and will require the removal of numerous discovery issues and extra clauses to preserve the essential 4 issues detailed above. As such, the Appellants respectfully move the Court for an extension of 45 days to redraft the Opening Brief in compliance with the 50 page limit requested here, up until, and including, 26th of December 2019.

Accordingly, good cause exists to grant an extension of 45 days to complete the redrafting of the Opening Brief within the allotted page limit set by the Court.

Respectfully submitted this November 15th, 2019

*Dean Carbajal*
PO Box 6000
Sterling, Co 80751

*Victoria Carbajal*
Victoria Carbajal
6609 Barbara Ct., Apt. C

## Certificate of Service

The undersigned hereby certifies that the foregoing action was mailed to the Clerk of Court and that a true and correct copy was mailed to all interested parties.

| | |
|---|---|
| David Cooperstein | david.cooperstein@denvergov.org |
| Andrew Ringel | ringel@hallevans.com |
| Jeffrey Driscoll | jdriscoll@wth-law.com |
| Patrick Sayas | pat.sayas@coaa.aor. |

*Dean Carbajal*